**(NOT YET SCHEDULED FOR ORAL ARGUMENT)**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**CASE NO. 23-7171**

**UNITED STATES ex. rel. THOMAS BAILEY**

**Plaintiff/Relator/Appellant v.**

**VETERANS MEDICAL TRANSCRIPTION SERVICES, INC., et. al.**

**Defendants/Appellees**

**APPEAL FROM THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**CORRECTED REPLY BRIEF FOR APPELLANT THOMAS BAILEY**

Milton C. Johns, VSB No. 42305
D.D.C. VA072
Executive Law Partners, PLLC
11130 Fairfax Blvd. Suite 303
Fairfax, VA 22030
P: 571 500 1010
F: 571 408 8104
mjohns@xlppllc.com
*Counsel for Appellant*
*Thomas Bailey*

**TABLE OF CONTENTS**

| | Page(s) |
|---|---|
| Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ii |
| Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1 |
| Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2 |
| 1. The Lower Court Erred In The Application Of FRCP 9(B) In Its Analysis Of The Pleading Of Fraud In This Matter …. | 2 |
| 2. Appellant Bailey Successfully Pled Conspiracy on the Part of Defendant Stone and VTMS . . . . . . . . . . . . . . . . . . . . | 6 |
| 3. The Lower Court Erred In Dismissing With Prejudice … | 7 |
| Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Altenel, Inc. v. Millennium Partners, L.L.C.*,
947 F. Supp. 2d 1357 (S.D. Fla. 2013) . . . . . . . . . . . . . . 5,6

*Anderson v. USAA Cas. Ins. Co.*,
221 F.R.D. 250 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . 8

*Chesbrough v. Visiting Physicians Ass'n*,
655 F.3d 461 (6th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . 3

**City of Harper Woods Emps.' Ret. Sys. v. Olver*,
589 F.3d 1292 (D.C. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . 7.8

*Crawford v. Barr*,
No. CV 17-798 (JEB), 2019 WL 6525652
(D.D.C. Dec. 4, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

**Firestone v. Firestone*,
76 F.3d 1205 (D.C. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . 8,9,10

*Harris v. Mayorkas*,
No. 21-cv-1083 (GMH), 2022 WL 3452316
(D.D.C. Aug. 18, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jarrell v United States Postal Serv.*,
753 F.2d 1088 (D.C. Cir. 1985) . . . . . . . . . . . . . . . . . . . 9

*Kowal v. MCI Commc'ns Corp.*,
16 F.3d 1271 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . 4

**Smith v. Athena Constr. Grp., Inc.*,
No. 18-CV-2080 (APM), 2022 WL 888188
(D.D.C. Mar. 25, 2022), cert. denied, No. 18-CV-2080
(APM), 2022 WL 2513500
(D.D.C. May 27, 2022) . . . . . . . . . . . . . . . . . . . . . . . . 4,7,8

*United States ex rel. Heath v. AT&T, Inc.*,
791 F.3d 112 (D.C. Cir. 2015) . . . . . . . . . . . . . . . . . . . . 3,4,7

*United States ex rel. Williams v. Martin-Baker Aircraft Co.*,
389 F.3d 1251 (D.C. Cir. 2004) . . . . . . . . . . . . . . . . . . 3,4

*Wagner v. First Horizon Pharm. Corp.*,
464 F.3d 1273 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . 5

*cases chiefly relied upon

**RULES**

Fed. R. Civ. P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,4,5,9,10

## SUMMARY OF ARGUMENT

This appeal arises from the decision of the United States District Court for District of Columbia granting Defendants' Veterans Medical Transcription Services Inc, Sinnappan Mani, Stone Network, Inc., Steven Rose, Michale Dortch and David Bradford's Motions to Dismiss for failure to plead fraud with the particularity required pursuant to Fed. R. Civ. P. 9(b).

The Order and Memorandum of Opinion was entered on November 13, 2023. JA532, JA514. The motion was decided on the papers by the Honorable Beryl A. Howell. The court determined that the Amended Complaint failed to meet the particularity requirements for pleading fraud per FRCP 9(b) and dismissed all counts with prejudice. Although Plaintiff Bailey requested leave to file an amended complaint, the request was denied for failure to follow proper procedure for seeking leave to amend. JA514.

The court did not determine that further amendment would be futile, but denied with prejudice, nonetheless. JA532, JA514.

Appellant Thomas Bailey contends that the pleading as set forth in the Amended Complaint did meet the FRCP 9(b) particularly requirements and that the standard applied by the court below was more stringent than otherwise applied in this circuit and as required by relevant case law. Further, regardless of whether or not Plaintiff filed a motion for leave to amend the complaint, the court below

abused its discretion in dismissing the Amended Complaint with prejudice despite no finding of futility or improper purpose and despite this Court's preference that matters not be dismissed with prejudice for failing to plead fraud with particularity

## ARGUMENT

### 1. The Lower Court Erred in the Application of Fed. R. Civ. P. 9(B) in its Analysis of the Pleading of Fraud in this Matter.

Appellant Bailey laid out his argument related to the sufficiency of the pleadings under Fed. R. Civ. P 9(b) in his opening brief. Defendants raised a number of arguments counter to that argument, citing case law to support their positions. None of the case law cited by either Defendant provides a bright-line answer as to whether the pleading meets the Rule 9(b) particularity requirement; the determination is subjective and Appellant Bailey maintains that the pleading level of the Amended Complaint in this matter met or exceeded the particularity in any number of cases accepted by the lower court when challenged with Motions to Dismiss. Defendant has provided no case law that provides an objective basis to conclude that the pleading in the Bailey Amended Complaint did not satisfy the pleading requirements.

The overarching intent of Rule 9(b) is to permit a defendant to "defend against the charge and not just deny that they have done anything wrong." *U.S. ex*

*rel. Williams v. Martin-Baker Aircraft Co.*, 389 F. 3d 1251, 1250 (D.C. Cir. 2004). "We do not foreclose the possibility that his court may apply a 'relaxed' version of Rule 9(b) in certain situations[.]" *US ex. rel. Heath v. AT&T* at 126 citing to *Chesbrough v. Visiting Physicians Ass'n*, 655 F.3d 461 (6th Cir. 2011).

Although Appellees Stone and VTMS disagree with Appellant Bailey's assessment of the pleadings, the Amended Complaint provided Stone and VTMS with sufficient information to identify and respond to the allegations raised, specifically that VTMS fraudulently secured SDVOB certification despite being effectively owned/controlled by Stone, a non-SDVOB business. If VTMS fraudulently identified itself as a SDVOB business, then any contracts it was awarded based on that certification would be in violation of the False Claims Act. The specific time period of their claimed certification is known to VTMS as are the specific contracts awarded to VTMS for which the SDVOB certification was a consideration for the award.

The specific time period of certification as well as the specific contracts involved during that time period would easily be identified during discovery, most probably from discovery secured from the Defendant or the Government. The lack of specificity at this point in time should not be considered a bar to the sufficiency of the Amended Complaint in view of the allegations involved.

As raised in the opening brief, the particulars of the fraud are alleged to the standards set forth in *Smith v. Athena Constr. Grp., Inc.*, No. 18-CV-2080 (APM), 2022 WL 888188 (D.D.C. Mar. 25, 2022), cert. denied, No. 18-CV-2080 (APM), 2022 WL 2513500 (D.D.C. May 27, 2022) and *U.S. ex. rel. Heath v. AT&T, Inc.* which the lower court found sufficient to satisfy the who, what, where when and how of Rule 9(b) despite the claimed lack of specificity.

Appellee Stone specifically attacks the Amended Complaint on the "when" prong. Citing to *Williams*, Appellee Stone states that open ended dates are insufficient. The *Williams* court found that the "allegations regarding the 'time ... of the false misrepresentations' are entirely inadequate. *See Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994). Several paragraphs nebulously allege that the period in question is "at least through 2002," but nowhere does the complaint allege a start date.'" *U.S. ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d at 1256–57 (D.C. Cir. 2004). Unlike *Williams*, the Bailey Amended Complaint references a "start" date of in or around 2017/2018. The date is difficult to state with specificity as it is tied to the date that Defendant VTMS first identified itself as a SDVOB certified business, which coincided with a time that the business was "inactive." Bailey is not privy to the specific date that VTMS "reactivated" its registration, but it was during the identified time frame.

The Amended Complaint indicates that the fraud thereafter continued through "at least 2020". This pleading satisfies the "when" aspect of the Rule 9(b) analysis.

Appellee Stone argues that the pleading fails for having "too much" information. However, the *Wagner* opinion cited within *Altenel, Inc. v. Millennium Partners, L.L.C.*, 947 F. Supp. 2d 1357 (S.D. Fla. 2013) as cited by Appellee Stone to support this contention, provides for an alternate outcome.

> The concern we address today is structural and does not express an opinion on the merits of the claim. The lack of connection between the substantive count and the factual predicates is the central problem with each of the enumerated counts in the complaint because courts cannot perform their gatekeeping function with regard to the averments of fraud. It is not that we know that plaintiffs cannot state a claim but rather that we do not know whether they have. This is because plaintiffs have not connected their facts to their claims in a manner sufficient to satisfy Rule 9(b).
>
> *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006)

The *Wagner* court determined that the proper conclusion when faced with "shotgun pleading" was to order repleading *sua sponte*, not dismissal with prejudice. *Wagner v. First Horizon Pharm. Corp.*, 464 F. 3d at 1276.

In several points in its brief, Appellee VMTS appears to claim that the "insufficient pleading" is a tactic to engage in overbroad discovery – a "fishing expedition" and that such is prejudicial to the Defendant. VMTS Brief at 16. The scope of discovery that has yet to be requested, let alone, conducted, has no

relevance to this appeal and any issues related to the scope of discovery would be easily addressed among the parties at the appropriate point in discovery should Appellees determine that Bailey's requests are overbroad.

The Appellees simultaneously accuse Appellant Bailey of providing too much information and not enough information. Relying on *Altenel,* Appellee Stone maintains that Plaintiff fails to meet the required pleadings standards because there is "too much information" without details. See *Altenel, Inc. v. Millennium Partners, L.L.C.,* 947 F. Supp. 2d at 1366. However, the *Altene*l complaint included a long list of individuals who were purported to have made specific statements with were not identified by time, place or content. Unlike the *Altenel* complaint, the Bailey Amended Complaint identified a limited and clear allegation of fraud.

**2. Appellant Bailey Successfully Pled Conspiracy on the Part of Defendant Stone and VTMS**

Appellant Bailey concedes that it has not set out the actions of the individual defendant sufficient to plead conspiracy as to those individuals. The Amended Complaint does, however, sufficiently, and fully plead the actions of the corporate defendants Stone and VTMS to establish a cause of action for conspiracy. (Plaintiff is not required to identify a specific individual who committed the acts constituting fraud as a corporation is considered a person under Section 3729. See *US ex. rel.*

*Heath v. AT&T,* 791 F.3d at 125. With regard to VMTS and Stone, the elements of conspiracy are laid out in the Amended Complaint. The parties worked in concert – one defendant, working through the other, reaped the benefits of the SDVOSB status when not actually qualified for such certification.

**3. The Lower Court Erred in Dismissing With Prejudice**

Appellant Bailey does not dispute that no motion for leave to amend was filed in connection with the motion to dismiss or the order of dismissal. Bailey does not concede, however, that such failure is fatal to the opportunity to file a subsequent amended complaint. Relying on *City of Harper Woods*, Defendants argue that the failure to file a motion for leave to amend either in response to a motion to dismiss or after the entry of an order of dismissal is a "forfeiture" of that right. See *City of Harper Woods Emples. Ret. Sys. v. Olver,* 589 F.3d 1292 (D.C. Cir. 2009). While Bailey does not dispute the finding of that court on that issue, a review of other, more current and similarly situated cases within the US District Court of DC demonstrate that the "forfeiture" rule is not universally applied and discretion is often applied to permit further amendment, without a formal motion, depending on the circumstances.

The district court in *Smith v. Athena Constr. Grp., Inc.*, denied Plaintiff Smith's request for leave to amend asserted in his Opposition to Motion to Dismiss. While the court denied Plaintiff's request, the failure to file a formal

motion for leave to file an amended complaint was not the determinative factor for the court in denying the request for leave to amend. Referencing Relator Smith's contention that "leave to amend is almost always allowed to cure deficiencies in pleading fraud" (quoting *Firestone v. Firestone*, 76 F.3 1205, 1209 (D.C. Cir. 1996)), the Court pointed out that, in that instance, the deficient allegations within Relator's current version of the complaint were not fraud based and therefore did not fall under the Firestone guidelines. "The court is convinced that this is a case 'where the pleader has had the opportunity to cure any deficiencies but either has not or cannot do so.'" *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250, 253 (D.D.C. 2004) (internal quotation marks omitted). Relator's pass-through claims are therefore dismissed with prejudice. *Smith v. Athena Constr. Grp., Inc.*, No. 18-CV-2080 (APM), 2022 WL 888188, at *14 (D.D.C. Mar. 25, 2022). The failure to file a motion for leave to file an amended complaint was not the determinative factor in that decision.

Other similar cases decided by the US District Court in DC also did not apply *The City of Harper Woods* "forfeiture" rule. In *Crawford v. Barr*, No. CV 17-798 (JEB), 2019 WL 6525652, at *4 (D.D.C. Dec. 4, 2019), the court reasoned that despite defects in the complaint, it did "not foreclose the possibility that Plaintiffs might be able to state a claim for relief. Cf. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) ("[D]ismissal with prejudice is warranted only

when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possible cure the deficiency.") (quoting *Jarrell v. United States Postal Serv*., 753 F.2d 1088, 1091 (D.C. Cir. 1985))." A dismissal without prejudice was entered, "giving Plaintiffs one more opportunity." *Crawford v. Barr*, No. CV 17-798 (JEB), 2019 WL 6525652, at *4 (D.D.C. Dec. 4, 2019).

Likewise, in *Harris v. Mayorkas*, No. 21-CV-1083 (GMH), 2022 WL 3452316, at *17 (D.D.C. Aug. 18, 2022), "[a]lthough Defendants ask that the Amended Complaint be dismissed with prejudice, ... the Court, in its discretion, will dismiss without prejudice because 'the Court does not foreclose the possibility that Plaintiff [] might be able to state a claim for relief.'"

This court can take judicial notice that a review of the docket for both *Crawford* and *Harris* reveal that no Motion for Leave to File an Amended Complaint was filed by either Plaintiff either before or after the Motion to Dismiss was decided. The Court utilized its discretion to permit subsequent amendment based on the probability of an ability to remedy the perceived deficiencies in the complaint, consistent with the *Firestone* holding.

As discussed in detail in Bailey's opening brief and *supra*, the Bailey Amended Complaint, even if poorly drafted, contains the information necessary to plead with the requisite brevity required of Fed. R. Civ. P. 8 and the particularity required of Rule 9(b). The practice of the US District Court for the District of

Columbia and general fairness require that this matter be considered with discretion as opposed to the application of a bright-line test clearly not consistently applied by the court below.

The application of discretion in allowing further amendment is particularly suited to matters dismissed pursuant to Fed R. Civ. P 9(b) as in this instance. See *Firestone v. Firestone*, 75 F. 3d 1205 (D.C. Cir. 1996).

**CONCLUSION**

Based on the argument presented above as well as in the opening brief on behalf of Appellant Bailey, Bailey respectfully requests that this court reverse the decision of the lower court, dismissing the matter without prejudice to permit further amendment of pleadings on behalf of Bailey.

June 17, 2024

Respectfully Submitted,

______/s/__________________

Milton C. Johns, VSB No. 42305
D.D.C. VA072
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite 303
Fairfax, VA 22030
P: 571 500 1010
F: 571 408 8104
mjohns@xlppllc.com
*Counsel for Appellant*
*Thomas Bailey*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,268 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word using 14-point Times New Roman font.

/s/

Milton C. Johns

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Corrected Reply Brief on behalf of Appellant Thomas Bailey with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on June 17, 2024. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

DATED: June 17, 2024

Respectfully Submitted,

_______/s/____________________

Milton C. Johns, VSB No. 42305
D.D.C. VA072
Executive Law Partners, PLLC
11130 Fairfax Blvd, Suite 303
Fairfax, VA 22030
P: 571 500 1010
F: 571 408 8104
mjohns@xlpllc.com
*Counsel for Appellant Thomas Bailey*