# [ORAL ARGUMENT HAS NOT BEEN SCHEDULED]

In The

# United States Court Of Appeals
## For The D.C. Circuit

**UNITED STATES OF AMERICA, EX REL. THOMAS BAILEY,**

*Plaintiff,*

**and**

**THOMAS BAILEY,**

*Plaintiff – Appellant,*

**v.**

**VETERANS MEDICAL TRANSCRIPTION SERVICES, INC.;
STONE NETWORK, INC.; STEVEN ROSE; MICHAEL DORTCH;
DAVID BRADFORD; SINNAPPAN MANI,**

*Defendants – Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

**BRIEF OF APPELLEES
VETERANS MEDICAL TRANSCRIPTION SERVICES, INC.,
STEVEN ROSE, MICHAEL DORTCH, AND DAVID BRADFORD**

_____

**Stan M. Doerrer**
**LAW OFFICE OF STAN M. DOERRER PLLC**
**950 N. Washington Street**
**Alexandria, Virginia 22314**
**(703) 348-4646**
**stan@doerrerlaw.com**

*Counsel for Defendants-Appellees*
*Veterans Medical Transcription Services, Inc.,*
*Steven Rose, Michael Dortch, and David Bradford*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Defendants-Appellees Veterans Medical Transcription Services, Inc., Steven Rose, Michael Dortch, and David Bradford, certify the following information regarding the parties, rulings, and related case in its appeal. D.C. Cir. R. 28(a)(1).

A. Parties.

Plaintiff-Appellant Thomas Bailey ("Bailey or Appellant"), as a relator, brought this action pursuant to the qui tam provision of the False Claims Act ("FCA"), 31 U.S.C. §3730(b)(1). Defendants-Appellees were Veterans Medical Transcription Services, Inc., and its owners and officers, Steven Rose, Michael Dortch and David Bradford, as well as Stone Network, Inc. and its President Sinnappan Mani.

B. Rulings Under Review.

The ruling under review was issued on November 13, 2023, by United States District Judge Beryl A. Howell. The ruling was not published in the Federal Supplement but is accessible at 2023 WL 7536185 and 2023 U.S. Dist. LEXIS 202395.

C. Related Cases.

This case was not previously before this Court.

Defendants-Appellees Veterans Medical Transcription Services, Inc., Steven Rose, Michael Dortch and David Bradford are not aware of any related cases pending before this Court or any other court.

## DISCLOSURE STATEMENT

Under Federal Rules of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Appellee Veterans Medical Transcription Services, Inc. certifies as follows: Veterans Medical Transcription Services, Inc. is not a publicly held entity, it has no parent entity, no publicly held entity owns any portion of it, and no publicly held entity has a direct financial interest in the outcome of this litigation.

Dated:  May 15, 2024          /s/ Stan M. Doerrer_____
        Alexandria, Virginia

                              Stan M. Doerrer, DC Bar #502496
                              Law Office of Stan M. Doerrer PLLC
                              950 N. Washington Street
                              Alexandria, VA. 22314
                              Tel: 703-348-4646
                              Fax: 703-348-0048
                              Email: stan@doerrerlaw.com
                              *Counsel for Defendants-Appellees*

# **TABLE OF CONTENTS**

**Page**

CERTIFICATE AS TO PARTIES, RULINGS,
AND RELATED CASES ........................................................................... i

DISCLOSURE STATEMENT ................................................................. ii

TABLE OF CONTENTS ........................................................................ iii

TABLE OF AUTHORITIES ....................................................................v

GLOSSARY OF ABBREVIATIONS ................................................... viii

JURISDICTIONAL STATEMENT .........................................................1

STATEMENT OF THE ISSUES ..............................................................2

       Fed. R. Civ. P. 9(b)..........................................................................2

       Conspiracy ......................................................................................2

       Dismissal With Prejudice ...............................................................2

STATUTES AND REGULATIONS ........................................................3

STATEMENT OF THE CASE..................................................................3

       A.     BACKGROUND AND PROCEDURAL HISTORY ...........................3

       B.     THE AMENDED COMPLAINT ........................................3

       C.     MOTIONS TO DISMISS THE AMENDED COMPLAINT
             AND THE COURT'S RULING ........................................7

SUMMARY OF ARGUMENT.................................................................8

ARGUMENT ........................................................................................10

I.      Standard of Review........................................................................10

II.    The Amended Complaint Does Not Provide Sufficient Information About the Alleged Fraud to Allow Defendants to Prepare a Defense ...........12

      A.    Bailey Does Not Adequately Specify the Time Period of the Fraud ...................................................................................................12

      B.    Bailey Does Not Adequately Specify the Individual Defendants' Conduct Under Any Standard ............................................................20

      C.    Bailey Does Not Adequately Specify The Fact Being Misrepresented and Does Not Plausibly Suggest Fraud ....................23

III.   The Amended Complaint Does Not State a Conspiracy Claim ...................24

IV.    Bailey Did Not Amend His Complaint or Seek Leave to Amend Pursuant to Rule 15, and Forfeited His Right to Challenge the Court's Dismissal With Prejudice ..................................................................................26

CONCLUSION ....................................................................................................27

CERTIFICATE OF COMPLIANCE .......................................................................29

CERTIFICATE OF SERVICE ...............................................................................30

## <u>TABLE OF AUTHORITIES</u>*

**Page(s)**

**Cases**

*Anderson v. District of Columbia*,
　　72 F.3d 166 (D.C. Cir. 1995)..........................................................................1

\* *Ashcroft v. Iqbal*,
　　556 U.S. 662 (2009)......................................................................10, 22, 25

*Belizan v. Hershon*,
　　434 F.3d 579 (D.C. Cir. 2006)..............................................................26, 27

\* *Bell Atlantic Corp. v. Twombly*,
　　550 U.S. 544 (2007)...........................................................10, 19, 22, 24

\* *City of Harper Woods Emples. Ret. Sys. v. Olver*,
　　589 F.3d 1292 (D.C. Cir. 2009)............................................................26, 27

*Drake v. FAA*,
　　291 F.3d 59 (D.C. Cir. 2002)...................................................................27

*E. Sav. Bank, FSB v. Papageorge*,
　　31 F. Supp. 3d 1 (D.C. Cir. 2014) ...........................................................16

*EEOC v. St. Francis Xavier Parochial Sch.*,
　　117 F.3d 621 (D.C. Cir. 1997)..................................................................12

*Firestone v. Firestone*,
　　76 F.3d 1205 (D.C. Cir. 1996)............................................................26, 27

*Gov't of Guam v. Am. President Lines*,
　　28 F.3d 142 (D.C. Cir. 1994)....................................................................27

*U.S. ex rel. Head v. Kane Corp.*,
　　798 F. Supp. 2d 186 (D.D.C. July 25, 2011)..............................................18

**\* *Authorities upon which we chiefly rely are marked with asterisks*.**

*U.S. ex rel. Heath v. AT&T, Inc.*,
    791 F.3d 112 (D.C. Cir. 2015)........................................................20

\* *Kowal v. MCI Commc'ns Corp.*,
    16 F.3d 1271 (D.C. Cir. 1994).........................................10, 24, 27

*Labadie Coal Co. v. Black*,
    672 F.2d 92 (D.C. Cir. 1982)........................................................21

*Luce v. Edelstein*,
    802 F.2d 49 (2d Cir. 1986) ..........................................................26

*U.S. ex Rel. Miller v. Bill Harbert Int'l*,
    608 F.3d 871 (D.C. Cir. 2010).....................................................25

*U.S. ex rel. Schwedt v. Planning Research Corp.*,
    59 F.3d 196 (D.C. Cir. 1995)...................................................20, 21

\* *U.S. ex rel. Shea v. Cellco P'ship*,
    863 F.3d 923 (D.C. Cir. 2017).........................................11, 12, 26

*Smith v. Athena Constr. Grp., Inc.*,
    2022 U.S. Dist. Lexis 54567, 2022 WL 888188
    (D.D.C. March 25, 2022).........................................................18, 19

*U.S. ex rel. Snapp, Inc. v. Ford Motor Co.*,
    532 F.3d 496 (6th Cir. 2008) ...................................................15, 16

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ...................................................11, 20

*Vicom, Inc. v. Harbridge Merchs. Servs., Inc.*,
    20 F.3d 771 (7th Cir. 1994) .....................................................11, 20

\* *U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*,
    389 F.3d 1251 (DC Cir. 2004)............................... 10-13, 15, 17, 27

## Statutes

28 U.S.C. § 1291 ...........................................................................1

31 U.S.C. § 3730 (FCA) ..................................... 1-3, 7, 12, 14, 15, 20, 25

31 U.S.C. § 3732 ...................................................................................................1

Truth in Negotiations Act ...................................................................................12

**Rules**

Fed. R. App. P. 4(a) .............................................................................................1

Fed. R. Civ. P. 8 ...........................................................................................11, 12

* Fed. R. Civ. P. 8(a)........................................... 2, 8, 10, 11, 19, 21, 22, 25

Fed. R. Civ. P. 8(a)(2) .................................................................................11, 24

Fed. R. Civ. P. 8(d) ...........................................................................................11

* Fed. R. Civ. P. 9(b) ...........................................................2, 7-12, 14-21, 25

Fed. R. Civ. P. 12(b)(6).................................................................................7, 10

Fed. R. Civ. P. 15 ....................................................................................7, 8, 9, 26

Fed. R. Civ. P. 15(a) .....................................................................................26, 27

Fed. R. Civ. P. 15(a)(2) .......................................................................................2

Fed. R. Civ. P. 15(b) ...........................................................................................26

Fed. R. Civ. P. 59(a) .............................................................................................8

Local Civil R. 7(i) .................................................................................................2

# GLOSSARY OF ABBREVIATIONS

| | |
|---|---|
| Bailey | Thomas Bailey |
| Bradford | David Bradford |
| Dortch | Michael Dortch |
| FCA | False Claims Act |
| Individual VMTS Defendants | Steven Rose, Michael Dortch, and David Bradford |
| Mani | Sinnappan Mani |
| Rose | Steven Rose |
| SDVOSB | Service-Disabled Veteran Owned Small Business |
| Stone | Stone Network, Inc. |
| Stone Defendants | Stone Network Inc. and Sinnappan Mani |
| SAM | System for Award Management |
| VMTS | Veterans Medical Transcription Services, Inc. |
| VMTS Defendants | Veterans Medical Transcription Services, Inc., Steven Rose, Michael Dortch, and David Bradford |

## JURISDICTIONAL STATEMENT

The District Court had subject matter jurisdiction over this action pursuant to 31 U.S.C. §§ 3730 and 3732 because the False Claims Act provides that "any action … may be brought in any judicial district in which the defendant … can be found, resides, transacts business, or in which any act … occurred." 31 U.S.C. § 3732.

The United States District Court dismissed Bailey's case with prejudice on November 13, 2023. Bailey filed a timely Notice of Appeal on December 13, 2023, but that Notice of Appeal stated that it was appealing to the United States Court of Appeal for the Fourth Circuit. Two days later, on December 15, 2023, Bailey filed a corrected Notice of Appeal, which correctly noticed the appeal to the United States Court of Appeal for the District of Columbia Circuit. The corrected Notice of Appeal was not timely pursuant to Fed. R. App. P. 4(a), because it was not filed within 30 days of the underlying order. Nevertheless, D.C. Circuit Court caselaw indicates that the initial timely-filed Notice of Appeal is sufficient to confer jurisdiction in spite of the fact that it named the incorrect Court. *See Anderson v. District of Columbia*, 72 F.3d 166, (D.C. Cir. 1995).

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 because it is an appeal from a final decision of the United States District Court for the District of Columbia.

## STATEMENT OF THE ISSUES

**I. Fed. R. Civ. P. 9(b).** Rule 9(b) Requires False Claims Act relators to "state with particularity the circumstances constituting fraud or mistake." The Amended Complaint contains multiple, inconsistent allegations relating to the who, what, and when of the alleged fraud. Did the court correctly dismiss the FCA claims against all Defendants pursuant to Fed. R. Civ. P. 9(b)?

**II. Conspiracy.** To state a conspiracy claim under the False Claims Act, the relator must show that "an agreement existed" to make false or fraudulent claims or "to have false or fraudulent claims allowed or paid by the United States"; the defendant "willfully joined that agreement"; and "one or more conspirators knowingly committed one or more overt acts in furtherance of the object of the conspiracy." The Amended Complaint contains few allegations about each Defendant's specific conduct, and mostly refers to them together as "Defendants." Did the court correctly dismiss the Conspiracy claim against all Defendants pursuant to Fed. R. Civ. P. 8(a)?

**III. Dismissal With Prejudice.** Relator did not file a motion for leave to amend his Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and Local Civil R. 7(i). Has relator forfeited his claim that the court erred by dismissing his Complaint with prejudice?

2

## STATUTES AND REGULATIONS

All applicable statutes are contained in the Brief being submitted by Stone Network, Inc.

## STATEMENT OF THE CASE

### A.     BACKGROUND AND PROCEDURAL HISTORY

The original complaint in this matter was filed under seal on August 13, 2020, alleging violations of the FCA related to VMTS and other defendants, related to VMTS's alleged status as a Service-Disabled Veteran Owned Small Business. Dkt. 1; JA006. The United States declined to intervene and ordered the matter unsealed. *See* Dkt. 7; JA395-398. Bailey filed the Amended Complaint on November 15, 2022. Dkt. 11; JA403. The Amended Complaint alleges that defendants committed fraud in violation of the False Claims Act because VMTS did not qualify as an SDVOSB under government contracting rules. *See* Dkt 11, at ¶¶ 73-74. JA417-418.

### B.     THE AMENDED COMPLAINT

The Amended Complaint alleges that VMTS, its owners and officers Rose, Dortch, and Bradford, as well as Stone, and its President, Mani violated the FCA by fraudulently obtaining a SDVOSB certification from the U.S. Government and misrepresenting VMTS as an SDVOSB. Dkt. 11, ¶ 1 JA403-404.

3

In support of his claims, Bailey alleges that VMTS is a medical transcription services company located in Pennsylvania, and that it represents itself on its website as an SDVOSB and that it has a National Business Associate Agreement with the VA and the Veterans Health Administration. *Id.*, ¶ 13; JA405. In further support he alleges as follows: Stone is also a medical transcription services company. *Id.*, ¶ 15; JA406. VMTS represents itself in the SAM as a SDVOSB, without an immediate owner. *Id.* On February 24, 2017, VMTS represented in SAM that it was not a veteran owned business, and its status was inactive. *Id.*, ¶ 14; JA406. On September 12, 2017, VMTS represented in SAM that it was a SDVOSB but its status was inactive. *Id.*, ¶ 14; JA406. As late as May 23, 2019, VMTS was in inactive status in SAM. *Id.*, ¶ 14; JA406. As of the filing of the Amended Complaint, VMTS represented that it was a SDVOSB and was in active status. *Id.*, ¶ 14; JA406. Rose, Dortch, and Bradford are owners of VMTS. *Id.*, ¶¶ 16-18, 65; JA406, JA416. Rose and Dortch represent themselves to be service-disabled veterans. *Id.*, ¶ 65; JA416.

On June 8, 2015, Digital Transcription Services Inc., owned by Mani and Timothy Nicholls, purchased VMTS from Stan and Rebecca Robinson for $800,000.00. *Id.*, ¶ 65; JA413. By November 2017, VMTS's ownership had changed and at that time it was owned by Rose, Dortch and Bradford. *Id.*, ¶ 66; JA416.

4

Bailey further alleges that, at the time of the Amended Complaint, VMTS and Stone shared an address, as well as staff; utilities; and intellectual, physical, and informational resources. *Id.*, ¶ 66; JA416. The businesses share two common entrances, and VMTS leases office space from a company owned by Mani, who remained a part owner of Stone. *Id.*, ¶ 67; JA416.

Besides the above, Bailey alleges that VMTS certified its SDVOSB ownership to CVE, which made it eligible to compete for VA contracts set aside for SDVOSB companies, but that VMTS was "not unconditionally owned or controlled by one or more service-disabled veterans" because "VMTS and stone are effectively managed and controlled by Mr. Mani," and are thus affiliated, and VMTS is not eligible for SDVOSB contracts. *See Id.*, ¶ 70-73; JA417. Bailey alleges that VMTS is not effectively owned or controlled by one or more service-disabled veterans. Although VMTS swore to the VA that it is owned and controlled by Rose and Dortch, in actuality, it is effectively owned and controlled by Mani and Bradford. *Id.*, ¶ 73; JA417. Mr. Mani is not a service-disabled veteran. *Id.* ¶ 74; JA417. For this reason, Bailey alleges, VMTS does not meet the SDVOSB eligibility criteria. *Id.*, ¶ 73; JA417. Bailey alleges VMTS knowingly misrepresented its eligibility for the VFCP to fraudulently obtain contracts set aside for SDVOSB's, and that, as a result of its misconduct, VMTS contravened one of the central purposes of the VFCP and SDVOSB program, which is to

support firms owned by service-disabled veterans. Accordingly, the United States did not receive the intended benefits of an eligible SDVOSB receiving and performing federal contracts. *Id.*, ¶ 77; JA418. As the result of the above, Bailey alleges "Defendants obtained at least the contracts depicted in Exhibit 2." *Id.*, ¶ 79 (citing JA46-394).

Exhibit 2 is a seven-part table, listing thousands of contracts, some of which date back to at least 1989, and many of which appear to relate to companies other than VMTS. *See* Dkt. 1-2 – 1-8; JA46-394. Exhibit 2 is, in total, a 349-page, 3,518-line table, purporting to list all the contracts that Bailey alleges VMTS fraudulently obtained. *See id.* & Dkt. 11, ¶¶ 68, 79, 82 & JA416, JA418, JA419 & JA46-394. Only approximately 344 of the 3517 contracts listed in Exhibit 2 relate to VMTS, with these spanning approximately 2010-2020. *See* Dkt. 1-2, at pps. 2-36; JA46-80.

Bailey also alleges that VMTS was required to comply with limitations on subcontracting in the performance of all small business set-aside/SDVOSB contracts secured. *See id.*, ¶ 84; JA419. But, according to Bailey, from 2017 through at least early 2020, VMTS did not maintain any employees but improperly relied on independent contractors to perform the work that was contracted to VMTS. *See id.* ¶ 84; JA419.

Besides the allegations in the paragraphs above, which relate mainly to VMTS, there are no particularized allegations regarding the conduct of Stone,

Mani, Bradford, Rose or Dortch. *See* Dkt. 11; JA403. In many parts of the Amended Complaint, Bailey refers to defendants as a group and does not specify who did what. *See id.*, at ¶¶ 91-96; JA420-21

## C.    MOTIONS TO DISMISS THE AMENDED COMPLAINT AND THE COURT'S RULING

In response to the Amended Complaint, Defendants Stone and Mani on the one hand, and VMTS, Dortch, Rose and Bradford on the other, filed Motions to Dismiss pursuant to Rule 12(b)(6) seeking to dismiss the Amended Complaint. *See* Dkt. 22; JA427; Dkt. 23; JA475. Each motion argued that the Amended Complaint should be dismissed in its entirety for failure to state a claim against any defendant, and for failure to comply with Fed. R. Civ. P. 9(b)'s "heightened particularity" requirement, which applied to claims under the False Claims Act. *See Id.*

In Bailey's oppositions to these motions, he requested leave to amend the Amended Complaint in the body of the documents. *See* Dkt. 24, at 3, 6; JA487, JA490; Dkt. 26, at 3, 5-7; JA500, JA502-04. Bailey did not specify what additional facts he would add to cure the deficiencies. *See id.* Bailey never filed a Motion for Leave to Amend pursuant to Fed. R. Civ. P. 15. *See* Dkt. 29, at 17-18; JA530-31.

On November 13, 2023, United States District Judge Beryl A. Howell issued an order and memorandum opinion resolving the Motions to Dismiss in this matter, dismissing all claims with prejudice, for failing to comply with Fed. R. Civ. P. 8(a) and 9(b). Dkt. 28, 29; JA513, JA514. Because Bailey never amended his Complaint

in response to the motions to dismiss, and never filed a motion for leave to amend pursuant to Fed. R. Civ. P. 15, the claims were dismissed with prejudice. *See* Dkt. 29, at 17-18; JA530-31. After the claims were dismissed, Bailey did not move to amend the judgment pursuant to Fed. R. Civ. P. 59(a) and did not file a motion for leave to amend his pleading pursuant to Fed. R. Civ. P. 15. This appeal followed.

## SUMMARY OF ARGUMENT

This Court should affirm the United States District Court opinion in this matter because the Amended Complaint fails to state a plausible claim for fraud or conspiracy, let alone a fraud claim that complies with Fed. Rule Civ. P. 9(b)'s heightened pleading requirements.

Bailey's claims against the Individual VMTS Defendants fail, under either the Rule 8(a) standard, or the Rule 9(b) standard, because he fails to allege any conduct of Rose, Dortch, or Bradford, that gives rise to a plausible claim. He simply fails to meet the elements of his claims for these defendants, as he chooses instead to refer to them collectively as "Defendants" and make conclusory allegations against them jointly, rather than alleging specific facts that give rise to liability for each as the standard requires.

Even when discussing VMTS's allegedly fraudulent conduct, Bailey fails to state with particularity the who, what, and when of the fraud, as is required under Rule 9(b). Instead, Bailey provides varying open-ended time frames, and points to

a voluminous exhibit containing a list of hundreds of contracts going back thirty years, and which relates to actors other than defendants, and states that it represents a list of VMTS's fraudulently obtained contracts. This is patently unsupported and inconsistent with Bailey's other allegations. Bailey appears to be trying to make it look like he complied with Rule 9(b)'s particularity requirement, while really leaving his allegations open-ended so that he can seek broad and extensive discovery and see what he uncovers. Bailey provides, at once, too much information, and too little information.

The Amended Complaint also does not clearly state what the fraud is, as required. To the extent his case is based on his allegation that Bailey's argument is that VMTS committed fraud because it was "effectively managed and controlled" by Mani and Bradford, who are not service-disabled veterans, and thus does not meet the criteria for obtaining SDVOB criteria, that claim is not plausible because it is not supported by sufficient facts.

Finally, while leave to amend is liberally granted, a plaintiff must comply with the Federal Rule of Civil Procedure, and must either amend his complaint as of right, or file a motion seeking leave to amend under Fed. R. Civ. P. 15, to raise the argument on appeal that a district court erred by not-allowing leave to amend. Here, Bailey did neither and he therefore forfeited his ability to prevail in an appeal on this basis.

9

## ARGUMENT

### I.     Standard of Review

The standard of review for a motion to dismiss under Fed. R. Civ. P. 8(a) and 9(b) is de novo. *See U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (DC Cir. 2004); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994).

To withstand a motion to dismiss under Rule 12(b)(6), the court must find that the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556) (emphasis added). "[N]aked assertion[s] devoid of further factual enhancement" are not sufficient to support a complaint. *Id.* (alteration in original) (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557). Factual allegations are not required to be "detailed," but pursuant to the Federal Rules, they must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not shown—that the pleader is entitled to relief," and the case can be dismissed. *Id.* at 679 (cleaned up) (citing Fed. R. Civ. P. 8(a)(2)).

Rule 8(a) requires that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) further directs that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Where a complaint contains allegations of fraud, Rule 9(b) requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

"Together, Rules 8 and 9(b) require a plaintiff to plead the time, place, and content of the fraud and to identify the individuals allegedly involved." *United States ex rel. Shea v. Cellco P'ship*, 863 F.3d 923, 936 (D.C. Cir. 2017) (citing *Williams*, 389 F.3d at 1256). The complaint must identify "the fact misrepresented and what was retained or given up as a consequence of the fraud." *Williams*, 389 F.3d at 1256 (internal quotation marks omitted). In the context of a fraud suit involving multiple defendants, Rule 9(b) requires a plaintiff to, "at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (alteration in original accepted and citation omitted); *see also Vicom, Inc. v. Harbridge Merchs. Servs., Inc.*, 20 F.3d 771, 777-78 (7th Cir. 1994) (similar).

11

In determining whether a complaint fails to state a claim, the Court may consider "only the facts alleged in the complaint, any documents attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997).

## II.     The Amended Complaint Does Not Provide Sufficient Information About the Alleged Fraud to Allow Defendants to Prepare a Defense

Rules 8 and 9(b), taken together, require a plaintiff to plead the time, place, and content of the fraud and to identify the individuals allegedly involved. *See Cellco P'ship*, 863 F.3d at 936 (citing *Williams*, 389 F.3d at 1256). In the present case, the lower court correctly determined that Bailey has not met this rule's requirements with respect to the time period of the fraud, the actors involved, or the fact misrepresented.

### A.     Bailey Does Not Adequately Specify the Time Period of the Fraud

The Amended Complaint was properly dismissed, in part, because it is internally inconsistent and presents an open-ended time period for the alleged fraud. In *Williams*, a qui tam relator alleged that his former employer and one of its contractors violated the FCA by failing to comply with requirements under the Truth in Negotiations Act and the accompanying FAR regulating government contracts. *See* 389 F.3d, at 1255. The lower court dismissed the FCA claims pursuant to Fed. R. Civ. P. 9(b).

12

On appeal, the Court agreed "the allegations regarding the time of the false representations are entirely inadequate." *Williams,* 389 F.3d, at 1257 (citing *Kowal* 16 F.3d at 1278). The Court recognized that "[s]everal paragraphs [of the complaint] nebulously allege that the period in question is 'at least through 2002,' but nowhere does the complaint allege a start date." *Williams,* 389 F.3d, at 1257. While the Court acknowledged that, *in his briefing*, the relator explained that the fraudulent activities started in 1992 and 1995, "[t]his comes too late" because a court may only consider facts alleged in the complaint, documents attached to the complaint, and any documents attached to or incorporated in the complaint, as well as judicially noticeable facts in resolving a motion to dismiss. *See id.* The Court held that "the open-ended time span alleged in the complaint failed to give the two companies sufficient information to allow preparation of a response." *Id.*

Just like in *Williams*, the Amended Complaint, and exhibits in support thereof, provide a confusing, hopelessly vague, and open-ended timeframe. For example, the Amended Complaint alleges that "on February 27, 2017, VMTS represented in SAM that it was not a veteran owned business, and its status was inactive." Dkt. 11, ¶ 14; JA406. It further alleges that by September 12, 2017, and as late as May 23, 2019, it was listed as a SDVOSB but with an "inactive status," and that by the time of filing it was listed as an SDVOSB with an active status. *See id.* There are no allegations related to VMTS's status as an SDVOSB (or not) prior

13

to 2017. *See id.* Against this backdrop of multiple years' of varying statuses within the SAM system, during at least some of which time VMTS was not even listed as an SDVOSB, the Amended Complaint refers to Exhibit 2, and alleges that VMTS made false claims relating to each contract listed therein, referring to Exhibit 2 as depicting VMTS's "unlawfully obtained contracts." *Id.*, ¶ 82; JA419. Bailey specifically alleges that "Exhibit 2 lists VMTS's small business and SDVOSB set aside contracts." *Id.*, ¶ 68; JA416.

But Exhibit 2 is a 349-page, 3,518-line table listing various government contracts, going back as far as 1989, many of which do not even relate to VMTS. Only approximately 344 of the 3517 contracts listed in Exhibit 2 relate to VMTS, with these spanning approximately 2010-2020. *See* Dkt. 1-2, at pps. 2-36; JA46-80.  Nevertheless, Bailey alleges that this table is a list of all the contracts that VMTS fraudulently obtained. *See Id.*, ¶¶ 68, 79, 82 & JA416, JA418, 419 & JA46-394. Many of the listed contracts in Exhibit 2 relate to companies other than VMTS. The vast majority of the listed contracts on Exhibit 2, even to the extent they relate on their face to VMTS, see Column W, are from before February 2017, with some going back as far as 1989.

Against the backdrop of Rule 9(b)'s particularity requirement, Bailey should not be permitted to force defendants to sift through Bailey's voluminous attachment to try to discern which of the listed contracts he accuses them of

fraudulently obtaining. Nor should time periods far outside the relevant statute of limitations and/or that are otherwise irrelevant be subject to discovery if the case were to proceed.

In relation to Bailey's argument that VMTS also violated the False Claims Act by virtue of its using independent contractors, rather than employees, in performing small-business set-aside/SDVOSB contracts, which the Amended Complaint alleges occurred "during the time period 2017 through at least early 2020," while this allegation has a closed time frame, it is insufficient because Bailey specifically alleges that at times in 2017 and later, VMTS was not even listed as a SDVOSB contractor. Compare Dkt. 11, ¶ 14, 70, 84; JA406, JA417, JA419.

Rule 9(b)'s particularity requirement serves several purposes. It "discourages the initiation of suits brought solely for their nuisance value, and safeguards potential defendants from frivolous accusations of moral turpitude.... And because 'fraud' encompasses a wide variety of activities, the requirements of Rule 9(b) guarantee all defendants sufficient information to allow for preparation of a response." *Williams*, 389 F.3d at 1256 (internal quotation marks omitted). Rule 9(b) is also meant to protect a qui tam defendant from "unwarranted damage to [his] reputation caused by spurious charges of immoral and fraudulent behavior." *United States ex rel. Snapp, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008) (internal citations omitted). Rule 9(b) is also designed at least in

part to prevent the filing of a complaint as a pretext for the discovery of unknown wrongs. *See E. Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 16 (D.C. Cir. 2014). As stated by the 6th Circuit Court of Appeals:

> By requiring a relator to state with particularity the basis for a claim of fraud, Rule 9(b) discourages fishing expeditions and strike suits which appear more likely to consume a defendant's resources than to reveal evidences of wrongdoing. Because the defendant is informed of which of its specific actions allegedly constitute fraud, it can limit discovery and subsequent litigation to matters relevant to these allegations. … Because the defendant is notified immediately of the focus of a relator's complaint, it can quickly resolve frivolous disputes by attacking the narrow basis of an allegation of fraud.

*See Snapp, Inc.*, 532 F.3d at 504 (internal citations omitted).

All of the above purposes of Rule 9(b) are relevant and support dismissal here. In contrast to the purposes of Rule 9(b) set forth above, Bailey places over twenty-five years' worth of contracts at issue. This is exactly the type of "fishing expedition" that Rule 9(b) seeks to avoid. Given the relatively small window of time during which VMTS was even a SDVOSB, the Amended Complaint, with its citation to hundreds of contracts over 25 years, is substantially "more likely to consume a defendant's resources than to reveal evidences of wrongdoing" during this period. *See id.* The Amended Complaint's breadth prevents VMTS and the other defendants from limiting discovery and subsequent litigation at all as contemplated by Rule 9(b). *See id.*

16

Against this backdrop, Bailey admits the Amended Complaint is "inartful," "perhaps not a model of precision," and that it "could be clearer," but contends that it nevertheless meets the Rule 9(b) standard because it "clearly identified the period of fraud from 2017 to the present." *See* Appellants' Brief, at 16, 17. But the Amended Complaint does *not* identify the time period of the fraud as being 2017 to the present in relation to its primary fraudulent certification or fraudulent inducement theories. The Amended Complaint presents a completely open-ended time frame by stating that the period is "*at least* from 2017 to the present" (emphasis added), and further confuses the issue by referring to the list of supposedly fraudulently obtained contracts which goes back all the way to 1989. *See* Dkt. 11, ¶ 95; JA420 and Exhibit 2; JA46-394. As in *Williams*, this "open-ended time span … fail[s] to give [defendants] sufficient information to allow preparation of a response." *Williams*, 389 F.3d, at 1257. Similarly, Bailey's attempt to correct the deficiency in his briefing by now alleging that the time period for the fraud is 2017 to the present, "comes too late," because the court may only consider facts alleged in the complaint, documents attached to the complaint, and any documents attached to or incorporated in the complaint, as well as judicially noticeable facts in resolving a motion to dismiss.[1] *See id.*

---

[1] While the Amended Complaint does allege a semi-closed time frame of "2017 through at least early 2020" in relation to its theory that VMTS was not permitted to use independent contractors in performing small business set-aside/SDVOSB

Citing non-binding district court precedent, Bailey suggests that Rule 9(b) should be evaluated on a "case by case basis" and not "rigidly applied." *See* Appellant's Brief, at 15 (citing *United States ex rel. Head v. Kane Corp.*, 798 F. Supp. 2d 186, 193 (D.D.C. July 25, 2011)). But even in *Kane Corp.*, the relator, a former employee, alleged multiple schemes that were openly discussed at "executive-level meetings," during his employment, and after, and about which the relator in some cases had "personal knowledge." *Kane Corp.*, 798 F. Supp. 2d at 205-206.

Here, by contrast, Bailey was never an employee and does not allege that he has personal knowledge about the alleged fraud. Rather, he bases his claims almost entirely on allegations that VMTS was formerly owned by another company owned by Mani (Stone's owner, who is now deceased[2]), that VMTS leases office space from Mani, and that Stone and VMTS are both medical transcription companies that share an address, common entrances, as well as staff, utilities, and

---

contracts, Dkt. 11, ¶ 84-85 JA419- JA420. the Amended Complaint also makes clear that, during much of this time, VMTS was not even listed as an SDVOSB.[1] *See id.*, ¶ 14 JA406. This merely adds to the confusion created by the Amended Complaint's internal inconsistencies and too-much but too-little pleading. Moreover, the allegation in paragraph 85 that the allegation that VMTS had no employees and utilized independent contractors "confirmed a finding during a Department of Labor audit" also raises the question of whether this claim would be barred by the public-disclosure bar when Bailey merely confirmed something the United States already knew. *See Smith v. Athena Constr. Grp., Inc.*, 2022 U.S. Dist. Lexis 54567 * 30, 2022 WL 888188 (D.D.C. March 25, 2022)

[2] *See* Appellant's Brief, at 21 n. 2.

intellectual, physical, and informational resources." Dkt. 11, ¶ 67; JA416. These facts describe many companies and, without substantially more, are not indicative of fraud. *See Twombly*, 550 U.S. at 566 (claim for relief must be "plausible," and parallel conduct by competitors does not plausibly suggest an antitrust conspiracy). This is especially true given that VMTS was formerly owned by another company owned by Mani, which is an alternative explanation of some still shared-resources. These facts are not sufficient to make Bailey's theory of liability —that VMTS is not owned or controlled by Bradford, Dortch, and Rose because it is in actuality, effectively owned and controlled by Mr. Mani (who is deceased) and Bradford, Dkt. 11, ¶ 73; JA417 – plausible under Rule 8(a), let alone meet the heightened pleading standard of Rule 9(b).

Similarly, while *Smith v. Athena Constr. Grp., Inc.*, 2022 U.S. Dist. Lexis 54567, 2022 WL 888188 (D.D.C. March 25, 2022), another non-binding case, provides a short "who, what, when, and where" framework for alleging fraud under Fed. Civ. P. Rule 9(b), Bailey, in alleging that the time period of the fraud is "from 2017 to the present," and that it relates to "specifically identified contracts set forth in Exhibit 2" ignores the Amended Complaint's actual allegations and the actual contents of Exhibit 2. The Amended Complaint's actual allegations set forth an open-ended time frame of "*at least* from 2017 to the present" (emphasis added). Dkt. 11, ¶ 95; JA420 and Exhibit 2; JA46-394. And this open-endedness is then

exacerbated by Exhibit 2's reference to the supposed list of fraudulently obtained contracts which goes back all the way to 1989. *See* Dkt. 11, ¶ 79 & Exhibit 2; JA421& JA46-394. Exhibit 2 can hardly be said to be specific, in that it includes hundreds of contracts that are unrelated to VMTS or any other defendant. Compare *U.S. ex rel. Heath v. AT&T, Inc.*, 791 F.3d 112, 123-4 (D.C. Cir. 2015) (time period of fraud is closed-ended, "[f]rom 1997 to 2009")

### B.     Bailey Does Not Adequately Specify the Individual Defendants' Conduct Under Any Standard

"A proper False Claims Act claim has three elements (1) the defendant presented a claim for payment or approval to the government, (2) the claim was false or fraudulent, and (3) the defendant acted knowing that the claim was false." *United States ex rel. Schwedt v. Planning Research Corp.*, 59 F.3d 196, 198 (D.C. Cir. 1995) (internal citations omitted).

In fraud suits involving multiple defendants, Rule 9(b) requires a plaintiff to, "at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 765 (alteration in original accepted and citation omitted). As stated in Swartz: "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.; see also Vicom*, 20 F.3d at 777-78. (similar).

Because the Amended Complaint names the Individual VMTS Defendant, but lacks specific facts about each person's conduct, it fails to state a claim against Bradford, Dortch, or Rose under either the Rule 8(a) or the Rule 9(b) standard. While the Amended Complaint alleges each individual's status as a partial owner of VMTS, Dkt. 11 at ¶¶ 16-18, 66; JA406, JA416, and that Dortch and Rose "represent themselves to be service-disabled veterans," *Id.*, at ¶ 66; JA416, there are no allegations plausibly suggesting that any of these individuals knowingly made a false or fraudulent claim to the government for payment or approval as would be required to state a claim against them individually. *See Schwedt*, 59 F.3d at 198.

Nor does the Amended Complaint state any facts sufficient to pierce VMTS's corporate veil and hold its owners liable under the standard announced in *Labadie Coal Co. v. Black*, 672 F.2d 92, 96 (D.C. Cir. 1982). Bailey makes no allegations relating to whether there is "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist" or why an inequitable result would supposedly result if the complained-of act were treated as those of the corporation alone. *See Labadie Coal*, 672 F.2d at 96. Nor does Bailey make any allegations relating to whether VMTS has followed or maintained its separate corporate identity vis a vis the individuals. *See id.* Without any such facts, there is no basis on which to pierce the corporate veil.

21

While the Amended Complaint, Dkt. 11, at ¶¶ 91-97; JA420-422, attempts to use group pleading and conspiracy allegations to lump all defendants together or characterize them as united in a conspiracy to essentially argue that ALL defendants are liable for any fraud—these are conclusory allegations lacking specific facts and do not make relief "plausible" as required by Rule 8(a). Under the Rule, a claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (emphasis added) (internal quotation marks omitted). "[N]aked assertion[s] devoid of further factual enhancement" are not sufficient to support a complaint. *Id.* (alteration in original) (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557). Such allegations devoid of factual detail should not here save Amended Complaint. Because the Amended Complaint lacks the basic factual allegations necessary to hold the individual defendants liable or pierce the corporate veil to reach them, the lower court's decision dismissing them with prejudice should stand.

Even in his briefing, Bailey does not describe any actions by Bradford, Dortch, or Rose, individually, to support his fraud claim, but rather he refers to actions taken by VMTS, and states that "[e]ven if this Court agrees that the Amended Complaint fails to plead with any particularity the actions of the individual defendants, … the information put forth does provide the requisite who,

what, where, when and how with regard to the fraud as it applies to the corporate defendants." Appellant's Brief, at 19. Accordingly, Bailey has conceded that he has not pled the individuals' fraudulent conduct. The lower court's ruling dismissing these defendants, with prejudice, should therefore be affirmed.

### C.     Bailey Does Not Adequately Specify The Fact Being Misrepresented and Does Not Plausibly Suggest Fraud

As recognized by the lower court, "[t]he fact misrepresented is also arguably ambiguous." This is because the Amended Complaint alleges, in one place, that VMTS is not unconditionally owned and controlled by one or more service-disabled veterans," thus suggesting that this is the fact being misrepresented. Dkt. 11, ¶ 72; JA417. Later, however, the Amended Complaint alleges that VMTS and Stone are "affiliated" and explains that "[w]hen two companies are affiliated, the SBA combines the revenue or number of employees of both companies when making a size determination," suggesting that VMTS's misstatement is its claim that it is a "small business." Dkt. 11, ¶ 50-73; JA412-13, JA417. This vagueness and uncertainty is yet another reason that the Amended Complaint should be dismissed.

To the extent that Bailey's argument is that VMTS committed fraud because it was "effectively managed and controlled" by Mani, who is not a service-disabled veteran, and Bradford, and thus does not meet the criteria for obtaining SDVOB criteria, that claim is not plausible. *See* Dkt. 11, ¶¶ 73-74; JA417. As previously discussed, Bailey bases these claims on his allegations that VMTS was formerly

23

owned by another company owned by Mani (Stone's owner), that VMTS leases office space from Mani, and that Stone and VMTS are both medical transcription companies that share an address, common entrances, as well as staff, utilities; and intellectual, physical, and informational resources." *Id.*, ¶ 67; JA416. Without more, these facts are not sufficient to plausibly suggest fraud. *See Twombly*, 550 U.S. at 566 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possesses enough heft to show that the pleader is entitled to relief."). The court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. *See Kowal*, 16 F.3d at 1276. There are a lot of possible explanations as to why two companies in the same industry may share resources, other than fraud.

## III. The Amended Complaint Does Not State a Conspiracy Claim

Bailey concedes that no conspiracy is stated vis a vis the individual defendants. *See* Appellant's Brief, at 20 ("Bailey does not dispute the lack of pleading as to the individual defendants…."). Accordingly, and because the Amended Complaint does not plead the individuals' actions, the lower court's dismissal of these claims against all individual defendants should be affirmed. All claims against the individual defendants should be dismissed with prejudice.

The dismissal of the conspiracy claims against the corporate defendants should also be affirmed. To state a claim for conspiracy under the False Claims Act, a plaintiff must show (1) that an agreement existed to have false or fraudulent claims allowed or paid by the United States; (2) the defendant willfully joined that agreement, either at the conspiracy's inception or afterwards; and (3) that one or more conspirators knowingly committed one or more overt acts in furtherance of the object of the conspiracy. *See United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 899.

It takes two to tango, and Bailey does not provide enough specific allegations about each defendant's conduct to meet the above elements. While Bailey suggests the claims should stand because of the inference that Stone and VMTS are "effectively the same business," the allegations of overlapping ownership, shared office space with common entrances, staff, utilities, and intellectual, physical and informational resources" alleged in Dkt. 11, ¶ 67; JA416, do not plausibly suggest conspiracy.[3] At most, Bailey makes formulaic and conclusory allegations of conspiracy that are not sufficient to meet the requirements of Rule 8(a) and 9(b). *Iqbal*, 556 U.S. at 678.

---

[3] Bailey also argues that, prior to 2017, VMTS was owned, in part, by Defendant Stone. Appellant's Brief, at 20. This is not alleged in the Amended Complaint. The Amended Complaint alleges that in 2015, Digital Transcription Services, Inc., another company owned by Mani, purchased VMTS. Dkt. 11, ¶ 65; JA416. However, even if this were alleged it would not change the analysis as the elements of conspiracy are simply not met.

**IV.    Bailey Did Not Amend His Complaint or Seek Leave to Amend Pursuant to Rule 15, and Forfeited His Right to Challenge the Court's Dismissal With Prejudice**

Bailey next argues that the lower court erred by dismissing the Amended Complaint with prejudice, because "even if Bailey's request was procedurally deficient," the lower court abused its discretion because leave to amend should be liberally granted. *See* Appellant's Brief, at 23. Bailey cites *Belizan v. Hershon*, 434 F.3d 579, 283 (D.C. Cir. 2006), and other cases, in support of his argument, and suggests that leave to amend is "almost always" granted. *See* Appellant's Brief, at 24 (citing *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986) *Firestone v. Firestone*, 76 F.3d 1205, 2019 (D.C. Cir. 1996); *Cellco P'ship*, 863 F.3d at 936.

Contrary to Bailey's argument, a party's failure to amend under Fed. R. Civ. P. 15(a), or seek leave to amend, under Fed. R. Civ. P. 15(b), means that party forfeits its right to challenge, on appeal, the lower court's dismissal with prejudice. *See City of Harper Woods Emples. Ret. Sys. v. Olver*, 589 F.3d 1292, 1304 (D.C. Cir. 2009). The *City of Harper Woods* Court stated:

> [W]e hold that Harper Woods may not pursue its claim that the District Court erred in dismissing the complaint with prejudice, because this claim has been forfeited. When a plaintiff fails to seek leave from the District Court to amend its complaint, either before or after its complaint is dismissed, it forfeits the right to seek leave to amend on appeal.

*See id.*, (citing *Gov't of Guam v. Am. President Lines*, 28 F.3d 142, 150-51 (D.C. Cir. 1994); *Drake v. FAA*, 291 F.3d 59, 72 (D.C. Cir. 2002)). In reaching this conclusion, the court distinguished the cases Bailey cites, *Belizan*, 434 F.3d at 579 and *Firestone*, 76 F.3d at 552, noting that in those cases, plaintiffs sought leave from the district court by filing Rule 59(e) motions after their complaints were dismissed. *See id.*, (citing *Belizan*, 434 F.3d at 581; *Firestone*, 76 F.3d at 1208).

The *City of Harper Woods* Court found that, in that case, like here, there was no formal motion to amend, and that the plaintiff's informal request in his briefing was not sufficient to preserve the argument that the court erred in dismissing the complaint with prejudice. *See* 589 F.3d at 1304; *see also Williams*, 389 F.3d at 1259 ("a bare request in an opposition to a motion to dismiss--without any indication of the particular grounds on which amendment is sought--does not constitute a motion within the contemplation of Rule 15(a)" (quoting *Kowal*, 16 F.3d at 1280). For the foregoing reasons, Bailey, by failing to file a formal motion, and failing to identify what he would add in his proposed amendment, he forfeited his argument that leave to amend should have been granted, and his request to remand for this reason should be denied as well.

## <u>CONCLUSION</u>

For all of the foregoing reasons, this Court should affirm the District Court's dismissal of the Amended Complaint, with prejudice.

Dated:  June 27, 2024                    Respectfully submitted,
        Alexandria, Virginia

                                         /s/ Stan M. Doerrer

                                         Stan M. Doerrer, DC Bar #502496
                                         Law Office of Stan M. Doerrer PLLC
                                         950 N. Washington Street
                                         Alexandria, VA. 22314
                                         Tel: 703-348-4646
                                         Fax: 703-348-0048
                                         Email: stan@doerrerlaw.com
                                         *Counsel for Defendants-Appellees*
                                         *Veterans Medical Transcription*
                                         *Services, Inc., Steven Rose, Michael*
                                         *Dortch, and David Bradford*

28

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because the brief contains 6,651 words, excluding the parts of the brief exempt by Federal Rule of Appellate Procedure 32(f) and Circuit Rule 32(e)(1).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared using Microsoft Word in 14-point Times New Roman.

Dated:  June 27, 2024                    /s/ Stan M. Doerrer
        Alexandria, Virginia

                                        Stan M. Doerrer, DC Bar #502496
                                        Law Office of Stan M. Doerrer PLLC
                                        950 N. Washington Street
                                        Alexandria, VA. 22314
                                        Tel: 703-348-4646
                                        Fax: 703-348-0048
                                        Email: stan@doerrerlaw.com
                                        *Counsel for Defendants-Appellees*
                                        *Veterans Medical Transcription*
                                        *Services, Inc., Steven Rose, Michael*
                                        *Dortch, and David Bradford*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for the United States Court of Appeals for the District of Columbia Circuit

by using the appellate CM/ECF system on June 27, 2024, 2024. Participants in the

case who are registered CM/ECF users will be served by the appellate CM/ECF

system.

Dated:  June 27, 2024                   /s/ Stan M. Doerrer
         Alexandria, Virginia

                                    Stan M. Doerrer
                                    *Counsel for Defendants-Appellees*